1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   JULIE J. SHEMITZ (Cal. Bar No. 224093)
4  Assistant United States Attorney
   Organized Crime Drug Enforcement Task Force Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-5735
7       Facsimile: (213) 894-0142
        E-mail:   julie.shemitz@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10            UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 IN RE INVESTIGATION OF C'EST TOI       CR Misc. 18 CM 01659
   JEANS, ET AL.
13                                        [proposed] PROTECTIVE ORDER
                                          LIMITING DISCLOSURE OF PERSONAL
14                                        IDENTIFYING INFORMATION
15

16

17      The Court, having considered the stipulation of the parties with

18 respect to the disclosure of personal identifying information ("PII")

19 for other individuals, including, but not limited to, names,

20 telephone numbers, addresses, social security numbers, and dates of

21 birth, including for employees of the above-named entities, that may

22 be contained in the discovery to be provided by the government to

23 defense counsel in this matter, and good cause appearing therefor,

24 the Court hereby ORDERS as follows:

25      a.   For purposes of this Order, the term "defense team"

26 refers to counsel of record for C'est Toi Jeans, Inc., GLLR, Inc.,

27 JBLU, Inc., Si Rhew, and Lance Rhew, and any other defense attorneys,

28 defense investigators, retained experts or potential experts,

1   paralegal and legal assistants, who provide assistance on this case,
2   have read this Protective Order, and agreed to be bound by its terms.
3   The "defense team," for purposes of this Order, includes the
4   individuals and entities named above, subject to the restrictions set
5   forth below in subparagraph (k).

6       b.   The government shall identify by bates number all
7   materials to be provided to the defense by the United States
8   Attorney's Office for the Central District of California ("USAO") in
9   the instant criminal case that are subject to this Protective Order,
10  as well as mark any such materials "SUBJECT TO PROTECTIVE ORDER FOR
11  PII" ("materials designated subject to the Protective Order").  Any
12  party objecting to such designation may do so by application to the
13  Court upon duly noticed motion, following meeting and conferring with
14  the government regarding the objection.

15      c.   Upon receipt of materials designated subject to this
16  Protective Order, counsel of record will ensure that every member of
17  the defense team who is provided access to such materials first has
18  reviewed the terms of this Protective Order and has agreed to be
19  bound by its terms.

20      d.   The defense team shall not permit anyone who is not a
21  member of the defense team to retain in his possession any materials
22  designated subject to this Protective Order.

23      e.   The defense team may review the materials designated
24  subject to this Protective Order with a witness or potential witness
25  in this case, including the individuals named above.  Before being
26  shown any portion of the materials, however, any witness or potential
27  witness must be informed of, and agree to be bound by, the
28  requirements of this Protective Order.  No witness or potential

2

1  witness may retain the materials designated subject to this
2  Protective Order, or any copy therof, after his or her review of
3  those materials with the defense team is complete.

4       f.   The defense team shall maintain materials designated
5  subject to this Protective Order in a secure and safe area, and shall
6  exercise reasonable care in ensuring the confidentiality of the
7  sensitive private information.

8       g.   To the extent that any notes memorialize any PII
9  contained within any materials designated subject to this Protective
10  Order, or to the extent that copies of any materials designated
11  subject to this Protective Order are made for authorized use by
12  members of the defense team, such notes, copies, or reproductions
13  become materials subject to this Protective Order and must be handled
14  in accordance with the terms of this agreement.

15       h.   In the event that a party needs to file materials
16  designated subject to this Protective Order with the Court or divulge
17  the contents of such materials in court filings, the filing should be
18  made under seal, unless the party is able to redact the PII from the
19  materials.

20       i.   The defense team shall use materials designated
21  subject to this Protective Order only for the preparation and
22  litigation of this matter, and for no other purpose.  Litigation of
23  this matter includes any appeal filed by the defense team, and any
24  motion filed pursuant to 28 U.S.C. § 2255.  Upon the final
25  disposition of this case, any materials designated subject to this
26  Protective Order shall not be used, in any way, in any other matter,
27  absent a court order.  All materials designated subject to this
28  Protective Order maintained in the defense team's files shall remain

1   subject to this Protective Order unless and until it is modified by
2   court order.   Upon the conclusion of appellate and post-conviction
3   proceedings, the defense team shall return the discovery at that time
4   or certify that the discovery has been destroyed.

5           j.   In the event that there is a substitution of counsel
6   prior to when such documents must be returned, new counsel must join
7   this Protective Order before any materials designated subject to this
8   Protective Order may be transferred from counsel to new counsel, who
9   then will become the custodian of all materials designated subject to
10  this Protective Order and who shall then become responsible for
11  returning all materials designated subject to this Protective Order
12  to the government upon the conclusion of appellate and post-
13  conviction proceedings.

14          k.   C'est Toi Jeans, Inc., GLLR, Inc., JBLU, Inc., Si
15  Rhew, and Lance Rhew may access and review materials designated
16  subject to this Protective Order only while they are in the presence
17  of their respective defense teams.   The above-named individuals
18  and/or entities may not retain in their possession, show anyone
19  outside of the defense team, or in any way distribute or disseminate
20  materials designated subject to the Protective Order or copies
21  thereof.   The above-named individuals and/or entities may not access

22
23
24
25
26
27
28

1    or review materials subject to this Protective Order in the presence

2    of anyone outside of their respective defense teams.

3            IT IS SO ORDERED.

4

5    Dated: Sept. 19, 2018

6                                        JOHN A. KRONSTADT

7                                        _____
                                         HONORABLE
                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28